**ORIGINAL**

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 JUN 22 AM 11: 25

CLERK _L. Fluden_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JEFFERY L. MASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 304-019 |
| | ) | |
| OFFICER BRIDGER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The above-captioned matter is presently before the Court on Defendants' motion to dismiss (doc. no. 19) Defendants Bridger, Burnette, and Madison because Plaintiff failed to ensure that they were served with process within 120 days of the date upon which this Court directed service of Plaintiff's complaint. See Fed. R. Civ. P. 4(m). For the following reasons, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss (doc. no. 19) be **GRANTED** and that Defendants Bridger, Burnette, and Madison be **DISMISSED** without prejudice.

### I. DISCUSSION

As Plaintiff, a *pro se* prisoner, is proceeding *in forma pauperis*, he is entitled to rely on the United States Marshal to effect service of his complaint. However, as the Court has explained to Plaintiff, it is his responsibility to provide the Marshal with sufficient information to identify and locate the Defendants in order to effect process within the 120

days prescribed by Rule 4(m). (Doc. no. 11, p. 3). The Court has also explained to Plaintiff that any unserved Defendants would be subject to dismissal. (Id.).

As Defendants have noted, the time in which to effect service of process has passed, and the above-listed defendants remain unserved.[1] In fact, this Court initially directed service of process on October 29, 2004, more than seven (7) months ago. In response to Defendants' motion, Plaintiff avers in conclusory fashion that these Defendants are "trying to avoid service" and that he should be given an "indefinite" amount of time to effect service of process (Doc. no. 26, p. 1; doc. no. 28, p. 2). Plaintiff thus utterly fails to outline any real excuse for his delay.

Plaintiff must bear the responsibilities associated with bringing a case into this Court. Simply put, his status as a *pro se* incarcerated litigant does not obviate his duty to adhere to the Local Rules and the Federal Rules. See, e.g., Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (Even *pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."). In sum, Plaintiff has had more than ample time to effect service, and has offered no legitimate excuse for his dilatoriness.

## II. DISCUSSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss

---

[1] Unexecuted returns of service from the United States Marshal indicate that service cannot be effected on Defendants Burnette, Bridger, and Madison because Plaintiff has not provided the Marshal with the first names of Burnette and Bridger and there is no record indicating that anyone named Bridger has ever worked at the prison. (Doc. nos. 16-18).

(doc. no.19) be **GRANTED** and that Defendants Bridger, Burnette, and Madison be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 22nd day of June, 2005, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

Andrew M. Magruder, Esq.
Jeffrey L. Mason, Pro-se
Jesse W. Owen, Esq.

CASE NO:        CV304-019

DATE SERVED:    June 22, 2005

SERVED BY:      Cindy Reynolds

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate